IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| vs. | : Criminal No. 05-268 |
| | : |
| RYAN SCHNEIDERLOCHNER, | : (ELECTRONICALLY FILED) |
| | : |
| Defendant. | : |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S POSITION REGARDING
<u>ATTEMPT PORTION OF STATUTE</u>**

AND NOW, comes the defendant, Ryan Schneiderlochner, by his attorney, Paul D. Boas, Esquire, and respectfully represents as follows:

The defendant contends that the language "or attempts to do so" found following 18 U.S.C. § 1512(d)(1)-(4) qualifies "hinders, delays, prevents or dissuades any person from . . . .", and does not apply to the term "intentionally harasses".

Defendant's position is supported by statute and case law. In examining every other subsection of § 1512, (1512(a)(1), 1512(a)(2), 1512(b) and 1512(c)) in each instance the term "or attempts to do so" is found in the introductory sentence of the subsection. For example, § 1512(a)(2) reads:

> Whoever uses physical force or the threat of physical force against any person, or <u>attempts to do so</u>" . . . .

Only in § 1512(d) is the "attempts to do so" language at the end of the subsection, clearly indicating an intent to punish <u>attempting</u> or actually hindering, or delaying, etc., regardless of the success of the attempt to hinder, etc., <u>following</u> an actual harassment.

Only one court that counsel has found has addressed this question. In ***U.S. v. Wilson***, 796 F.2d 55 (4th Cir. 1986), the Court discussed the issue of attempt.[1]

In reversing the lower court's holding, the Court used language clearly indicating that the term "attempts" applies to <u>dissuades testimony</u> and not "<u>harass</u>". In this regard, the Court wrote as follows:

> We cannot accept the lower court's judgment. First, the evidence was substantial enough to sustain the jury's verdict that the witnesses were harassed; each justifiably reacted adversely to Wilson's statements. ***Cf.*** 128 Cong.Rec. H8469 (daily ed. Oct. 1, 1982) (purpose of § 1512(b) is to "reach thinly-veiled threats that create justifiable apprehension" in a witness).
>
> Second, the court erroneously assumed that § 1512(b)(1) applies only to conduct that actually dissuades testimony. The statute, and the indictment upon which Wilson was tried, both state that "attempts to" dissuade testimony are sufficient for conviction. The success of an attempt or possibility there of is irrelevant; the statute makes the endeavor a crime.

---

[1]Two points are worth nothing here. First, while the ***Wilson*** case refers to § 1512(b)(1), in 1986 what is now § 1512(d) was then § 1512(b)(1). (See ***Wilson, supra***, at 56, n.1).

Second, the government relied on and embraced this case for its definition of "harass" for its requested jury instructions.

Read together, these two paragraphs essentially define the crime as harassing another and thereby either preventing them from testifying or harassing another and thereby attempting to prevent them from testifying.

It makes no sense to make it a crime to attempt to harass someone in order to prevent them from testifying. The crime is not dependent upon the success of the intent to <u>prevent</u> the testimony, but rather is dependent on attempt to prevent (successful or not) following an actual harassment.

                                              Respectfully submitted,

                                      By:s/ Paul D. Boas
                                            PAUL D. BOAS, ESQUIRE
                                            Attorney for Ryan Schneiderlochner
                                            Pa. I.D. No. 16305
                                            5th Fl., Law & Finance Building
                                            429 Fourth Avenue
                                            Pittsburgh, PA 15219
                                            (412) 391-7707
                                            (412) 391-1190
                                            paulboas@ choiceonemail.com