IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
        v.                        ) Criminal No. 05-268
                                  )
RYAN SCHNEIDERLOCHNER

GOVERNMENT'S RESPONSE WITH RESPECT
TO THE ADMISSIBILITY
OF EVIDENCE OF A WITNESS' PRIOR
MISDEMEANOR CONVICTION FOR FAILURE
TO MAKE REQUIRED DISPOSITION OF
FUNDS AND A PENDING CHARGE OF
IMPERSONATING A LAW ENFORCEMENT
OFFICER

        And now comes the United States of America, by its attorneys
Mary Beth Buchanan, United States Attorney for the Western
District of Pennsylvania and Constance M. Bowden, Assistant
United States Attorney for said District and respectfully
submits the following memorandum of law with respect to the
admissibility of a prior misdemeanor conviction for purposes of
impeachment of a witness pursuant to Rule 609(a)(2), of the
Federal Rules of Evidence, and the fact that the witness is
currently charged in the Court of Common Pleas of Allegheny
County with impersonating a law enforcement officer.  For the
reasons stated below the United States submits that neither
matter is admissible for purposes of impeachment.

        1.  At the outset, we note that the witness at issue has a
prior theft conviction for which he could have received more than
a year imprisonment.  We agree that this conviction is a proper
subject of cross-examination pursuant to Rule 609(a)(1), Federal

Rules of Evidence.  We also submit, however, that under Rule 609(e), if the defendant chooses to cross-examine the witness on his conviction, the witness will also be able to testify that he is currently appealing that conviction.

2.  The witness also has a prior misdemeanor three conviction for failure to make required disposition of funds under Pennsylvania State Law.  Since a misdemeanor three conviction does not carry a sentence in excess of one year, it is admissible for impeachment purposes only if it comes within the terms of Rule 609(a)(2).  Under Rule 609(a)(2), "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment."  As the Court of Appeals for the Third Circuit recognized in *United States v. Johnson*, 388 F.3d 96, 99 (3rd Cir. 2004), quoting *Cree v. Hatcher*, 969 F.2d 34, 37 (3rd Cir. 1992), "' Because the district court lacks discretion to engage in balancing, Rule 609(a)(2) must be interpreted narrowly to apply only to those crimes that, in the words of the Conference Committee, bear on a witness's propensity to testify truthfully." In *Johnson*, the government conceded on appeal that the District Court had erred in permitting it to establish the fact that the defendant had previously been convicted of a misdemeanor conviction.  However, since the Court of Appeals for the Third Circuit reversed the defendant's conviction it nonetheless would have had to consider the validity of the government's concession.

See also *Government of Virgin Islands v. Toto*, 529 F.2d 278 (3rd
Cir. 1976), in which the Court of Appeals for the Third Circuit
held that the district court had improperly permitted the
government to impeach a witness with a prior misdemeanor crime
for petit larceny.  Petit larceny was defined for purposes of
Virgin Islands law as theft of personal property of a value of
less than a hundred dollars, which is the equivalent of theft and
similar to the offense, which the defendant in this case is
seeking to impeach the witness with.  In so ruling the Court of
Appeals for the Third Circuit in *Toto,* 529 F.2d at 281 explained
that in order for a misdemeanor offense to be used for
impeachment purposes it must involve *crimen falsi.*  As the Court
of Appeals for the Third Circuit further recognized, in *Toto,* 529
F.2d at 281 (citations omitted), "[c]*rimen falsi* describes crimes
involving, or at least relating to, communicative, often verbal,
dishonesty; we have said they are crimes which touch the question
of the honesty of the witness. . . Although the term '*Crimen
Falsi*' has been subject to many definitions, the generally
accepted scope of the term would be crimes that are in the nature
of perjury or subornation of perjury, false statement, criminal
fraud, embezzlement, false pretense or any other offense the
commission of which involves some element of deceitfulness,
untruthfulness, or falsification bearing on the accused's
propensity to testify truthfully."  Although the Court of Appeals
for the Third Circuit's decision in *Toto*, preceded the adoption

of the Federal Rules of Evidence, the Court in *Toto*, specifically indicated that its holding was reinforced by "Congress' adoption of a closely parallel formulation in Rule 609(a) of the Recently enacted Rules of Evidence."  As the Court of Appeals for the Third Circuit further recognized in *Toto*, the Report of the House and Senate Conferees discloses precisely what is meant by "dishonesty or false statement."  As that Report indicates: "By the phrase 'dishonesty and false statement' the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness or falsification bearing on the accused's propensity to testify truthfully."  For the above stated reasons we submit that the witness' prior misdemeanor conviction for failure to make required disposition of funds, even if it amounts to theft, is not admissible for impeachment purposes pursuant to Rule 609(a)(2), Federal Rules of Evidence.

    2.   With respect to the witness' pending charge, we submit that this Court has discretion to limit the scope of cross-examination with respect to this conviction.  See *United States v. Mussare*, 405 F.3d 161, 170-171 (3rd Cir. 2005). In deciding whether or not to exercise that discretion, this Court should consider that the arrest occurred on August 24, 2005.  The evidence will establish that the witness notified AUSA Wilson

that he had been approached by the defendant on July 25, 2005 prior to the state arrest.  As a result the witness could not have been motivated to come forward because of the filing of the state charge.  In addition the charges, which relate to the impersonation of a public servant, obstruction of the administration of justice and official oppression, are pending in the Court of Common Pleas for Allegheny County.  There have been no promises made with respect to these charges.  To the extent that the charge impersonation of a public servant may relate to the witness' character for veracity, the defendant can inquire as to whether the witness did this act.  If the witness denies doing the act, however, the defendant cannot introduce affirmative evidence of the witness conduct.  See Rule 608(b), Federal Rules of Evidence which states: "specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of a crime, as provided in Rule 609, may not be proved by extrinsic evidence. They, may, however, in the discretion of the court, if probative of truthfulness or untruthfulness be inquired into on cross-

examination of the witness (1) concerning the witness' character

for truthfulness or untruthfulness . . .

S/Constance M. Bowden
Constance M. Bowden
Assistant U.S. Attorney
U.S. Post Office and Courthouse
Suite 4000
Pittsburgh, PA 15219
(412)894-7320 (phone)
(412)644-2645 (fax)
Constance.bowden@usdoj.gov
PA ID No. 37866